# IN THE COURT OF APPEALS OF IOWA

No. 24-0355
Filed May 22, 2024

**IN THE INTEREST OF I.T.,**
**Minor Child,**

**K.S., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, Richelle Mahaffey, Judge.

A mother appeals the district court order terminating her parental rights. **AFFIRMED.**

Michael S. Fisher of Fisher Law Office, New Sharon, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie L. Moran, Assistant Attorney General, for appellee State.

Debra A. George of Griffing & George Law Firm, P.L.C., Centerville, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the district court order terminating her parental rights. We find the termination of the mother's parental rights is supported by clear and convincing evidence, termination is in the child's best interests, and an exception to termination should not be applied. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

K.S. is the mother of I.T. who was born in 2021.[1] The mother tested positive for methamphetamine and benzodiazepines at the time of the child's birth. The child also tested positive for methamphetamine, amphetamines, and benzodiazepines in an umbilical cord test. I.T. was removed from the mother's custody and placed in a foster home with her biological sibling.[2]

I.T. was adjudicated to be in need of assistance (CINA). The mother had a substance-use evaluation and began a treatment program. She also participated in mental-health treatment. The mother tested positive for methamphetamine in a hair test in February 2022 and a urine test in March. In September and December, the mother again tested positive for methamphetamine.

The mother made some progress with services, receiving mental-health and substance-use treatment. On May 18, 2023, the child began a trial home visit with the mother. The court returned custody of the child to the mother on June 1. On August 30, the mother had a miscarriage in another state and tested positive

---

[1] The child's father is unknown. The parental rights of any putative father were terminated.

[2] The child was first placed with relatives but was later moved to the foster home. The mother's parental rights to the child's sibling were terminated in 2020 and he was adopted by the foster family.

for methamphetamine. The child was again removed from the mother's custody and returned to the foster home where her sibling was residing. The mother subsequently presented two negative drug tests.

The mother was in a relationship with G.T., who has a history of using methamphetamine.[3] Additionally, there were concerns about domestic violence in the relationship. At times, the mother was dishonest with case workers from the Iowa Department of Health and Human Services (HHS) about the status of her relationship with G.T.

On September 7, the State filed a petition seeking termination of the mother's parental rights. In November, the mother had a hair test that was positive for methamphetamine. At the termination hearing, held in December, the mother's therapist, Doug Billingsley, testified he was surprised by the positive drug test in August, as he did not believe the mother showed signs of active drug use. Michelle Weldon, the HHS case manager, stated the mother was dishonest about her drug use. She was also dishonest about her relationship with G.T.

The mother testified she was employed to provide in-home health care. She stated she was no longer in a relationship with G.T. She denied using drugs when she tested positive in August and November. The mother asked for the child to be returned to her custody.

At the termination hearing, the mother sought to introduce Exhibit 31, which contained reports of two negative drug tests from October and November. These tests were not random, as they were scheduled by the mother. The State objected

---

[3] The mother initially reported that G.T. was the father of the child, but he was excluded by paternity testing.

on the grounds that the documents appeared to be altered. The court agreed to leave the record open to give the mother an opportunity to obtain a release from the lab so the State could obtain the original of the reports. The mother signed a release, but it was not accepted by the lab. The court granted the mother's request for an extension so she could obtain any available information about the drug test reports. The mother did not obtain any additional information, and her request for a second extension of time was denied.

The district court terminated the mother's parental rights under section 232.116(1)(g) and (h) (2023). The court noted the mother was unable to be honest about her drug use and this hampered her ability to address the problem. The court determined the mother's Exhibit 31 contained unreliable information. And it found termination of the mother's parental rights was in the child's best interests, as the child needed permanency that the mother was unable to provide. The court applied none of the exceptions found in section 232.116(3). The mother now appeals.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

In general, we follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, we consider whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.* But when the parent does not raise a claim relating to any of the three steps, we do not address that step and instead limit our review to the specific claims presented. *See id.* at 40 (recognizing we do not consider a step the parent does not challenge).

### III.    Sufficiency of the Evidence

The mother claims the State did not present clear and convincing evidence to support termination of her parental rights. She asserts the State failed to show the child could not be returned to her at the time of the termination hearing. The mother continues to deny the accuracy of the drug test in August 2023. She also states, "One failed test, whether accurate or not, should not undo all the good that had been accomplished."

"We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find

grounds to terminate on one of the sections to affirm." *Id.* at 435. We elect to focus on section 232.116(1)(h).[4]

Section 232.116(1)(h)(4) requires a showing by clear and convincing evidence that a child "could not be safely returned to the custody of [the child's] parents." *In re S.O.*, 967 N.W.2d 198, 206 (Iowa 2021). Under section 232.116(1)(h)(4), a court considers whether a child can be returned to the parent at the time of the termination hearing. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021).

Even if we did not consider the drug test from August 2023 that the mother disputes, the mother had a history of positive drug tests throughout the CINA proceedings.[5] And she tested positive for methamphetamine in November 2023, a date after the termination petition was filed. We agree with the district court that the mother's Exhibit 31 is not reliable.[6] The evidence shows the mother has not

---

[4] Section 232.116(1)(h) provides for termination under the following circumstances:
>    (1) The child is three years of age or younger.
>    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

[5] The mother had positive drug tests for methamphetamine in November 2021, February 2022, March 2022, September 2022, and December 2022.

[6] We agree with the district court's findings,
>    Mother's Exhibit 31 contains many irregularities which would point to the drug screens having been doctored to make them appear as if they were negative for all substances. When compared to drug screens submitted by HHS, Mother's Exhibit 31 shows signs that

addressed her substance-use problems. As the court noted, the mother was unable to be honest about her drug use, and this hampered her ability to address the problem. We conclude there is clear and convincing evidence in the record to show the child could not be safely returned to the mother's custody due to her continuing problems with drug use. *See, e.g.*, *In re I.J.*, No. 24-0057, 2024 WL 1296724, at *2 (Iowa Ct. App. Mar. 27, 2024) (terminating a father's parental rights when he tested positive for methamphetamine just one month before the termination hearing); *In re C.H.*, No. 23-1079, 2023 WL 7015345, at *2 (Iowa Ct. App. Oct. 25, 2023) ("The mother's positive test for methamphetamine two months before the termination hearing precluded the children's return to her custody."); *In re S.C.*, No. 22-1171, 2022 WL 16985834, at *1 (Iowa Ct. App. Nov. 27, 2022) ("[The mother's] recent use of methamphetamine and her lack of candor about the lapse rule[d] out a safe return of the children to her custody.").

We find the mother's parental rights were properly terminated under section 232.116(1)(h).

## IV. Best Interests

The mother claims termination of her parental rights was not in the child's best interests. The mother asserts that prior to the positive drug test in August 2023, she was doing an excellent job in caring for the child.

In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the

---

someone attempted to change the written results of the drug screens.

child under section 232.116(2)." *P.L.*, 778 N.W.2d at 41. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

On the issue of best interests, the district court stated:

> This Court finds that termination of parental rights is in [the child's] best interests. [The child] cannot be safely returned to any parent. [The child] is a child that needs permanency, and there is no parent in a position to provide [the child] the permanency she needs and deserves. [The child] is bonded with her foster family and is in the same home as her biological sibling. [The child] is integrated into the foster family, and they are willing to adopt [the child] to permanently integrate her into their family.

We agree with the district court's conclusions. The mother's prior progress was undermined by her positive drug tests in August and November 2023. The mother has not made sufficient progress in addressing the substance-use concerns that led to the removal and CINA adjudication in this case. Instead of addressing her substance-use problems, she continued to deny that she had problems and contested the positive drug test results. The mother is unable to provide the stability needed by the child. We conclude termination of the mother's parental rights is in the child's best interests.

## V. Exceptions

As part of her best interests argument, the mother claims she has a close bond with the child. She also cites section 232.116(3). We therefore consider whether the district court should have applied section 232.116(3)(c), which provides that the court may decide not to terminate a parent's rights based on a

finding it "would be detrimental to the child at the time due to the closeness of the parent-child relationship."

The exceptions to termination found "in section 232.116(3) are permissive, not mandatory." *In re W.T.*, 967 N.W.2d 315, 324 (Iowa 2021) (citation omitted). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3) . . . ." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The child's best interests remain our first consideration. *Id.* at 475.

The court considered the exceptions in section 232.116(3) and decided they should not be applied here. While the mother and child may have a close bond, the child is also bonded with the foster family and her sibling that was adopted into the family. The mother has not shown termination of her parental rights will be detrimental to the child. The foster family is willing to adopt the child and provide her with the stable home she needs.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**